UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD L. ROWE,

    Plaintiff,

v.                                                   Case No. 06-12411
                                                    Hon. Sean F. Cox

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to remand. Both parties have briefed the issues. For the following reasons, the Court **ADOPTS** the Report and Recommendation and **DENIES** Plaintiff's Motion for remand, and **DISMISSES** the case.

## I.   BACKGROUND

This action arises out of the denial of social security disability benefits to Plaintiff, Ronald Rowe. Plaintiff filed an application for disability benefits on April 1, 2003, alleging disability onset since July 31, 2001. Plaintiff claims he is disabled based on his rheumatoid arthritis and iritis. Plaintiff's application was denied and he requested a hearing before an administrative law judge ("ALJ"). ALJ James Ross held a hearing on October 20, 2005. The ALJ denied benefits on December 8, 2005. Plaintiff's request for appeal was denied.

On May 30, 2006, Plaintiff filed a pro se Petition for judicial review of the decision to deny social security disability benefits. On August 15, 2006, Plaintiff filed the instant Motion

1

for remand to the ALJ. Defendant filed a response on September 1, 2006, asking the Court to deny Plaintiff's Motion and withhold judgment on the merits pending an opportunity for full briefing by both parties. The matter was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation ("R&R"). Judge Whalen issued an R&R on June 4, 2007, recommending that this Court deny Plaintiff's Motion and dismiss the case. Plaintiff filed objections to the R&R on June 15, 2007. Defendant did not file a response.

## II. STANDARD OF REVIEW

In the Social Security context, the district court reviews the decision of the Commissioner to determine whether the decision exceeds statutory authority or is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand even if the reviewing court would resolve the issues of fact in dispute differently.

*Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

### III. ANALYSIS

There are five factors that the Social Security Administration uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner to prove the fifth factor; that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

#### A. ALJ Determination

The ALJ denied Plaintiff benefits at Steps Four and Five. He found that Plaintiff was able to perform his past relevant work as a slitter operator. [Transcript, p.27]. Additionally, the ALJ noted that based on his findings, Plaintiff would be able to "perform a substantial number of

3

unskilled jobs when evaluated under Medical Vocational Rule 203.29." *Id*. at 26. The ALJ found Plaintiff's testimony was not credible. *Id*. at 26-27. With respect to the medical evidence, the ALJ found that it did not support Plaintiff's subjective complaints and corresponding limitations. *Id*. at 25. The ALJ relied on statements from Plaintiff's treating physician, Dr. Ram Goswani, and the consultative examiner, Dr. Syed Iqbal, for his conclusion. *Id*.

Based on his findings, the ALJ denied benefits because Plaintiff is "able to perform his past relevant work as a slitter operator." *Id*. at 27. Moreover, the ALJ held that Plaintiff is "not disabled" under Medical-Vocational Rule 203.29 because he is a younger individual with an exertional capacity for medium work. *Id*.

**B.     R&R**

The Magistrate recommends that Plaintiff's Motion for remand be denied, and the case dismissed. The Magistrate finds that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence based on the consultative examination report, and selected portions of Plaintiff's treating physician's records. The ALJ cited imaging studies that did not support Plaintiff's Dr. Goswani's findings. The ALJ also noted that Plaintiff admitted he received compensation for providing care for his handicapped brother.

**C.     Analysis**

Plaintiff's only relevant objection to the R&R is that Dr. Goswani's opinion should have been given complete deference.

"[G]reater deference is generally given to the opinions of treating physicians than to those of non-treating physicians." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007). "[I]f the opinion of the treating physician as to the nature and severity of a

4

claimant's conditions is 'well-supported by medically acceptable and clinical laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record' then it will be accorded controlling weight." *Id*. If the treating physician's opinions are discounted, the ALJ must provide "good reasons" that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and reasons for that weight." *Id*. Failure by the ALJ to identify reasons for discounting the treating physician's opinion, and failure to explain how those reasons affected the weight accorded the opinions "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Id*. at 243.

In May 2003, Dr. Goswani opined that Plaintiff's limitations precluded him from standing or walking for more than one hour in an eight hour work day, but did not affect his ability to sit. [Transcript, pp.125-126]. He attributed Plaintiff's limitations to rheumatoid arthritis. Dr. Goswani indicated that Plaintiff could only lift weight occasionally, but noted that the limitation varied because the joint pain was transient. *Id*. at 125. Dr. Goswani did not have an opinion as to whether Plaintiff was wholly disabled from work. *Id*. In a May 2003 report, Dr. Goswani noted that multiple views of the spine revealed no compression deformity, and minimal degenerative changes in the spine L5-S1. *Id*. at 165.

In June 2003, Dr. Iqbal, the consultative examiner, found a normal range of motion in Plaintiff's joints, and no signs of inflammation. [Transcript, p.132-140]. Dr. Iqbal noted that Plaintiff was able to rise easily from his chair and get on and off the examination table without difficulty. *Id*. Dr. Iqbal also commented that Plaintiff was walking normally without assistance when he arrived for the exam, however, when he noticed office personnel, he got in a wheelchair

pushed by his companion. *Id*. When Plaintiff left the office, he got out of the wheelchair and sat in the truck normally. *Id*. During Dr. Iqbal's examination, Plaintiff reported that "[h]e does not get aggravation of the [back] pain on long standing." *Id*.

Plaintiff was examined by a rheumatologist, Dr. Ali Dagher, in September 1996. Dr. Dagher noted Plaintiff's symptomatology was "suggestive of a spondyloarthropathy[1] type presentation." [Transcript, p.113]. Dr. Dagher examined Plaintiff again in March 2004. He noted decreased flexion in the lumbar spine. *Id*. at 160. The range of movement in the right hip was full, but did produce some pain. *Id*. Dr. Dagher found that Plaintiff's knees and shoulders were "okay." *Id*. Dr. Dagher reviewed x-rays and found mild degenerative changes at L5 and S1.

In July 2003, Dr. Pareja completed a Physical Residual Functional Capacity Assessment ("PRFCA") based on the evidence in Plaintiff's file, including Plaintiff's reports and the medical evidence. [Transcript, pp.151-159]. He opined that Plaintiff could lift 50 pounds occasionally, and 25 pounds frequently. *Id*. Dr. Pareja found that Plaintiff could walk or sit for up to 6 hours in an 8 hour workday. *Id*. Dr. Pareja pointed out that Dr. Goswani's limitation to one hour of standing or walking in an 8 hour workday was not credible and no explanation was provided for the limitations given. *Id*.

The ALJ reviewed all of these opinions in reaching his decision. The ALJ did not discount Dr. Goswani's opinion entirely. The ALJ found, consistent with Goswani's opinion, that Plaintiff suffers from rheumatoid arthritis, which affects his ability to perform work related activities. [Transcript, p.23]. However, the ALJ ultimately agreed with the findings in the

---

[1]Any of a group of arthritis disorders.

PRFCA with respect to Plaintiff's limitations, and found that Plaintiff can lift 50 pounds occasionally, 25 pounds frequently, and can walk, sit, or stand for up to 6 hours in an 8 hour workday. *Id*. at 24. The ALJ stated that in reaching his decision he gave substantial weight to Dr. Goswani's finding that Plaintiff suffers from rheumatoid arthritis with transient flare ups. *Id*. at 25. However, the ALJ gave "[v]ery substantial weight" to Dr. Iqbal's examination with respect to Plaintiff's limitations. *Id*. Based on Dr. Iqbal's evaluation, the ALJ determined that Plaintiff is purposefully exaggerating his symptoms. The ALJ noted that Dr. Iqbal's exam revealed no signs or symptoms of rheumatoid arthritis. He also pointed out Dr. Iqbal's observation of Plaintiff's ability to ambulate unassisted, until he noticed office personnel, at which time he got in a wheelchair. *Id*. The ALJ found that the medical evidence did not support the limitations found by Dr. Goswani, based on Dr. Dagher's findings of minimal degenerative changes, no limitations in the knees or upper extremities, and only some limitation in the range of motion of Plaintiff's lumbar spine. *Id*.

The ALJ's decision was supported by substantial evidence and Dr. Goswani's opinion regarding the extent of Plaintiff's limitations was not entitled to controlling weight. The medical evidence contradicts Dr. Goswani's findings that Plaintiff cannot walk or stand for more than an hour in an 8 hour workday, and that he can only lift 20 pounds occasionally. The ALJ cited to the findings of Dr. Dagher and Dr. Iqbal. They found no evidence of significant limitations in these areas. Moreover, the limitations set forth by Dr. Goswani were only temporary, whenever Plaintiff has a flare up. Further, a review of the records performed by Dr. Pareja also yielded a conclusion different than Dr. Goswani's. In addition, the ALJ referred to evidence to support a conclusion that Plaintiff's reports of his limitations are not credible. The ALJ also pointed out

what weight was given to the varying opinions. Based on his determination, the ALJ found that Plaintiff has the RFC to perform his past relevant work as a slitter operator, and a significant number of other unskilled jobs in the national economy.

Accordingly, the ALJ's determination that Plaintiff is not disabled for purposes of Social Security is supported by substantial evidence and is affirmed.

## IV.    CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation and **DENIES** Plaintiff's Motion for remand, and **DISMISSES** the case.

**IT IS SO ORDERED.**

<pre>                        S/Sean F. Cox
                        Sean F. Cox
                        United States District Judge
</pre>

**Dated:  July 30, 2007**


**I hereby certify that on July 30, 2007, a copy of the foregoing document was served upon counsel of record by electronic means and by ordinary mail upon:**

**Ronald L. Rowe
15500 Burr Street
Taylor, MI 48180**

<pre>                        S/Jennifer Hernandez
                        Case Manager
</pre>